UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-25034-BLOOM/Elfenbein

OMAR RAUL TAPIA,

    Plaintiff,

v.

THE FRESH MARKET, INC.,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant The Fresh Market's ("Defendant") Motion to Dismiss Plaintiff's Complaint and For a More Definite Statement, ECF No. [7] ("Motion"). As of the date of this Order, Plaintiff Omar Raul Tapia ("Plaintiff") has failed to file a Response. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

The instant action arises from a slip and fall event that occurred on Defendant's premises.[1] The Complaint alleges that on May 11, 2025, Plaintiff, "while staying at the Subject Premises, slipped and fell on a dangerous condition resulting in severe and permanent injuries and substantial medical expenses." ECF No. [1-2] at ¶ 6. According to Plaintiff, the dangerous condition occurred with regularity and was known to Defendant "and /or existed for sufficient length of time so that

---

[1] Plaintiff originally filed this case in the Eleventh Judicial Circuit in and for Miami-Dade County. See ECF No. [1]. Defendant subsequently removed this case to federal court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

Defendant [ ] should have known of said condition." *Id.* at ¶¶ 8, 12. Plaintiff insists that his injuries were the result of the following negligent acts of Defendant:

1. "failing to provide proper maintenance and care;"

2. "creating a dangerous condition and/or failing to remedy a dangerous condition that was reasonably known by Defendant;"

3. "failing to warn the Plaintiff . . . that a dangerous condition existed;"

4. "failing to employ competent and experienced skilled employees;"

5. "failing to properly train and/or supervise said agents and/or employees in keeping and/or maintain the floor of the Subject Premises, in a reasonably safe condition;"

6. "failing to warn Plaintiff . . . about a known dangerous condition on the floor by posting signs and/or other forms of notice;"

7. "failing to otherwise comply with the applicable laws and regulations of the State of Florida and the applicable Federal laws and regulations;"

8. "failing to otherwise comply with applicable industry standards."

ECF No. [1-2] at ¶ 13.

Defendant now seeks to dismiss the Complaint, arguing that (1) the Complaint constitutes an impermissible shotgun pleading; (2) the Complaint alleges an improper "mode of operation" theory that includes a 'catch-all' claim rendering [it] impossible to fairly respond;" (3) Plaintiff "has not averred satisfaction of condition precedent prior to asserting a claim for damages based on letters of protection;" (4) the Complaint fails to identify what the alleged "dangerous condition" was that caused his injuries; and (5) the Complaint fails to allege sufficient facts to establish notice. ECF No. [7]. Plaintiff has not filed a Response to the instant Motion.

## II. LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### B. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'"

*Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Such unclear pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (*quoting Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The negative externalities also extend beyond a single case. "[J]ustice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

The Eleventh Circuit has identified four types of shotgun pleadings, the "unifying characteristic" of which being that all shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321 The second type of shotgun pleading is the complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is the pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth is the pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Case No. 25-cv-25034-BLOOM/Elfenbein

### III.   DISCUSSION

As of the date of this Order, Plaintiff has failed to file a response to the Motion and, as a result, Defendant's arguments prevail by default. *See* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *see also A1 Procurement, LLC v. Hendry Corp.*, No. 11-23582-CIV, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 13, 2012) ("Failure to respond to arguments in a motion to dismiss is a sufficient basis to dismiss such claims by default.") (citing *W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, No. 08–80897–CIV, 2009 WL 2957749, at *11 (S.D. Fla. Sept. 9, 2009)). Moreover, after looking to the merits of the Motion, the Court agrees with Defendant's argument.

#### A.   Commingling Theories of Liability

Plaintiff's single count claim asserts a series of theories of negligence liability under one general negligence count. ECF No. [1-2] at ¶ 13. Plaintiff alleges that Defendant breached its duty of care by allowing its employees to act negligently in "one or more" of the following ways: (1) "failing to provide proper maintenance and care;" (2) "creating a dangerous condition and/or failing to remedy a dangerous condition that was reasonably known by Defendant;" (3) "failing to warn the Plaintiff . . . that a dangerous condition existed;" (4) "failing to employ competent and experienced skilled employees;" (5) "failing to properly train and/or supervise said agents and/or employees in keeping and/or maintain the floor of the Subject Premises, in a reasonably safe condition;" (6) "failing to warn Plaintiff . . . about a known dangerous condition no the floor by posting signs and/or other forms of notice;" (7) "failing to otherwise comply with the applicable laws and regulations of the State of Florida and the applicable Federal laws and regulation;" and (8) "failing to otherwise comply with applicable industry standards." *Id.*

As Defendant correctly points out, Plaintiff's negligence claim violates the prohibition against shotgun pleadings by improperly combining multiple theories of liability into one claim. ECF No. [7] at 8-9. Within his single count Complaint, Plaintiff includes allegations indicative of at least a (1) failure to maintain, (2) failure to warn, and a (3) failure to train, each of which "are distinct negligence claims" that "cannot be 'nestled within a general negligence claim.'" *See Pride v. Carnival Corp.*, No. 23-CV-22121, 2023 WL 6907813, at *4 (S.D. Fla. Oct. 19, 2023) (quoting *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *4 (S. D Fla. June 29, 2023)); *see also Leon v. Fresh Market, Inc.*, No. 23-22435-CIV, 2023 WL 8698525, at *2 (S.D. Fla. Dec. 15, 2023); *Lanza v. Hobby Lobby Stores, Inc.*, No. 24-cv-24043, 2025 WL 507308, at *3 (S.D. Fla. Feb. 14, 2025) ("Because Plaintiff seeks to advance multiple theories of negligence, she must separate each cause of action into a separate paragraph, and [she must] support each cause of action with specific (non-conclusory) factual allegations."); *Mendieta v. Holiday CVS, LLC*, No. 23-23439-Civ, 2023 WL 6462221, at *1-2 (S.D. Fla. Oct. 4, 2023) (striking complaint as a shotgun pleading where the plaintiff, in a premises liability claim, asserted various theories of liability, including failure to maintain, failure to train, and failure to inspect).

Accordingly, Plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Plaintiffs may not "cram multiple, distinct theories of liability into one claim" because each theory "is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations." *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020). To the extent Plaintiff seeks to bring claims against Defendant based on these various theories of negligence, he must do so by setting them out in separate causes of action.

### B. Notice

Plaintiff also fails to provide facts sufficient to establish that Defendant was on notice of the dangerous condition that purportedly caused Plaintiff's injuries. To prevail on a negligence claim under Florida law, a plaintiff "must allege four elements: duty, breach of that duty, causation, and damages." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing *Curd v. Mosaic Fertilizer, L.L.C.*, 39 So. 3d 1216, 1227 (Fla. 2010)). Additionally, in a premise liability case, such as the one at bar, "the plaintiff 'must show the defendant had actual or constructive notice of the dangerous condition on its premises.'" *Hu v. Hua*, 414 So. 3d 179, 185 (Fla. 4th DCA 2025) (quoting *Eckert Realty Corp. v. Strazzeri*, 396 So. 3d 220, 221 (Fla. 4th DCA 2024) (additional level of citation and quotations omitted)). Knowledge of the dangerous condition may be either actual or constructive. *See Eckert realty Corp.*, 396 So. 3d at 221 (citing *Di Mare & Drews, Inc. v. Kerrigan*, 810 So. 2d 1066, 1069 (Fla. 4th DCA 2002)). "'Actual knowledge' of a dangerous condition exists when the business or one of its agents 'knows of or creates the dangerous condition.'" *Loren v. Once Upon a Time Grp., Corp.*, 415 So. 3d 222, 226 (Fla. 4th DCA 2025) (quoting *Dolgen Corp, LLC v. Doty*, 383 So. 3d 864, 867 (Fla. 5th DCA 2024)). "Constructive notice may be inferred from either: (1) the amount of time a substance has been on the floor; or (2) the fact that the condition occurred with such frequency that the owner should have known of its existence." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011); *see also Grimes v. Fam. Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427 (Fla. 3d DCA 2016).

While Plaintiff has alleged that Defendant had actual and constructive notice of the dangerous condition, Plaintiff fails to even identify the dangerous condition,[2] let alone allege facts

---

[2] "If Plaintiff seeks to successfully allege that Defendant had notice of a dangerous condition, then Plaintiff must describe the dangerous condition." *Benson v. NCL (Bahamas) Ltd*, No. 1:24-CV-22926, 2024 WL

that could plausibly establish that Defendant was on notice of the condition. *See Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1110 (S.D. Fla. 2023) ("Plaintiff's statements that Defendant had notice of the dangerous condition because of the 'length of time' it existed . . . with nothing more, [is] insufficient to allege notice."); *see also Holland v. Carnival Corp.*, 50 F.4th, 1088 1096 (11th Cir. 2022) (finding that mere allegations that frequent spills and frequent slip and falls occurred was insufficient to establish notice as was the conclusory allegations that the dangerous condition was present for a sufficient length of time). In federal court, barebones conclusory allegations are insufficient to establish that a defendant was on notice of the dangerous condition prior to the incident. *See Benson v. NCL (Bahamas) Ltd*, No. 1:24-CV-22926, 2024 WL 5103660, at *8 (S.D. Fla. Dec. 3, 2024) (noting that "barebones and conclusory [notice] allegations are often found inadequate in the Eleventh Circuit"); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."). Given that Plaintiff has failed to offer any non-conclusory factual allegations, Plaintiff's negligence claim is dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [7]**, is **GRANTED**.
2. The Complaint, **ECF No. [1-2]** is **DISMISSED WITHOUT PREJUDICE**.
3. If Plaintiff seeks to proceed with this action, he shall file an Amended Complaint with the Court no later than **January 2, 2026**.
4.

---

5103660, at *7 (S.D. Fla. Dec. 3, 2024) (citing *Rafie v. NCL (Bahamas) Ltd.*, No. 23-23972-CIV, 2024 WL 112006, at *3 (S.D. Fla. Jan. 10, 2024)).

8

Case No. 25-cv-25034-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2025.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record